**CT Corporation**

**Service of Process Transmittal**
10/28/2011
CT Log Number 519394896

**TO:** Sheron Young, Operations Manager Legal Department
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

**RE:** **Process Served in Mississippi**

**FOR:** Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Fredna Stewart, Pltf. vs. Wal-Mart Stores East, LP, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jackson County Court, MS<br>Case # C0201121807 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Jar of pickles dropped through the bag and landed on plaintiff's right foot causing injuries on July 5, 2010 of the Wal-Mart Stores East, LP located in Pascagoula, MS |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/28/2011 postmarked on 10/27/2011 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery |
| **ATTORNEY(S) / SENDER(S):** | James K. Wetzel<br>James K. Wetzel and Associates<br>Post Office Box I<br>Gulfport, MS 39502<br>228-868-6400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/28/2011, Expected Purge Date: 11/02/2011<br>Image SOP<br>Email Notification, Sheron Young ct.lawsuits@walmartlegal.com<br>Email Notification, Scott LaScala-CT East CLS-VerificationEast@wolterskluwer.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**

## IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

**FREDNA STEWART**                                                                 **PLAINTIFF**

**VERSUS**                                           CAUSE NO. CO2011-21807

**WAL-MART STORES EAST, LP**                                            **DEFENDANT**

---

### SUMMONS

---

**TO:**   C T Corporation System
          Registered Agent for Wal-Mart Stores East, LP
          645 Lakeland East Drive, Suite 101
          Flowood, Mississippi  39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint to **James K. Wetzel and Associates, whose address is Post Office Box I, Gulfport, Mississippi 39502.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT PREVIOUSLY FILED.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Joe Martin, Jr., County Clerk
Jackson County, Mississippi

DATED: 21 Oct 2011     By: _____
                                              DEPUTY CLERK

IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

FREDNA STEWART                                                PLAINTIFF

VERSUS                                                    CAUSE NO. CO 2011-21807

WAL-MART STORES EAST, LP                             DEFENDANT

FILED OCT 18 2011 JOE W. MARTIN, JR., CLERK BY _____ D.C.

## COMPLAINT

**(JURY TRIAL REQUESTED)**

COMES NOW Plaintiff, Fredna Stewart, by and through her attorney of record, James K. Wetzel & Associates, and files herewith her Complaint against the Defendant, Wal-Mart Stores East, LP, and in support of said claim for relief would show unto this Honorable Court as follows:

I.

Plaintiff, Fredna Stewart, is an adult resident citizen of Jackson County, Mississippi.

II.

That the Defendant, Wal-Mart Stores East, LP, is a foreign corporation qualified to do business in the State of Mississippi and is in good standing in the State of Mississippi, and may be served with process by service upon its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

III.

Plaintiff would show that on or about July 5, 2010, she was present on the premises of the Defendant, Wal-Mart Stores East, LP's store located in Pascagoula, Mississippi, and was present on the premises for the express purpose of purchasing merchandise from the Defendant, Wal-Mart Stores East, LP. That at said time and place, the Plaintiff, Fredna Stewart, was lawfully and properly on the premises of the Defendant, Wal-Mart Stores East, LP, in answer to the

express or implied invitation of the Defendant, Wal-Mart Stores East, LP, for the purpose of transacting business on the premises, and as such, was a business invitee of the Defendant, Wal-Mart Stores East, LP. Plaintiff, Fredna Stewart, would further show that while she was present on the Defendant, Wal-Mart Stores East, LP's, premises on that date, while exercising due care and caution of her own safety, Plaintiff sustained an injury when she was in the process of checking out with her groceries. Plaintiff's groceries consisted of a jar of pickles, and the unknown employee of the Defendant placed the jar of pickles into a plastic bag, which had a hole in it, when suddenly and without warning, the jar of pickles dropped through the bag and landed on Plaintiff's right foot causing the Plaintiff, Fredna Stewart, to sustain painful and permanent personal injuries as hereinafter more fully set forth.

IV.

That Plaintiff would show that on July 5, 2010, the bag in question was in a defective and unsafe condition, the defendant, Wal-Mart Stores East, LP, at the time of said incident, was negligent in providing an unsafe or defective bag for patrons to carry items, therefore, Wal-Mart Stores East, LP acted in a negligent and careless manner.

V.

Plaintiff would show that it is the duty of the Defendant to use ordinary care and diligence to protect those business invitees and patrons of their facility, including your Plaintiff, from conditions which are dangerous and which may potentially cause injury on the premises of the Wal-Mart Stores East, LP. Plaintiff would show that the Defendant, Wal-Mart Stores East, LP, was negligent in their failure to keep the bags in a safe manner, failing to ensure that the bags are

safe for their patrons and failing to preclude an incident of this kind from happening. Wal-Mart Stores East, LP was negligent for the failure to maintain and upkeep the bags which its patrons use during the course of its day's business, and failure to maintain said bags in such a manner as to be free from all defects and conditions which would endanger and present an unreasonable risk of harm to patrons in their lawful use of the premises.

VI.

Plaintiff would further aver that it was the duty of the Defendant, Wal-Mart Stores East, LP, by inspection or other affirmative act, to exercise reasonable care to protect the Plaintiff from the danger of reasonably foreseeable injury from occurring from reasonably foreseeable occurrences involving the plastic bags provided to patrons of said business; that it is further the duty of the Defendants to exercise reasonable care to protect the Plaintiff, either by inspection or other affirmative acts, to insure that safety is maintained on its plastic bags and to exercise reasonable care to protect the Plaintiff from injuries resulting from negligent and unsafe conditions, and in particular the unsafe and dilapidated bag which caused a dangerous and unsafe condition on Wal-Mart Stores East, LP 's premises.

VII.

Plaintiff would show that it was the duty of the Defendant to warn the Plaintiff of the dangerous conditions posed by the dilapidated or defective bag and to warn Plaintiff or remove the torn grocery bag that was in an unsafe condition. The Defendant, by and through its employees, while in the course and scope of their employment, carelessly failed to (1) remove unsafe and defective bag, or (2) failed to warn of the dilapidated bag which subjected the plaintiff

the dangerous and unsafe condition.

VIII.

Plaintiff would allege that the unsafe condition of the defective and unsafe bag was known by the Defendant and the Defendant's employees, agents and servants; or in the exercise of reasonable care, should have known of the dangerous and unsafe chair and that said Defendant, employees, agents and/or servants failed to remove or warn of the dilapidated and defective bag prior to the injuries to the Plaintiff.

IX.

Plaintiff would state that the Defendant's negligence proximately caused or proximately contributed to cause her injuries and damages. Plaintiff states that the Defendant failed to perform certain legal duties owed to your Plaintiff, including, but not limited to the follows:

1. The Defendant's employee was negligent and failed to use ordinary care when he/she overloaded the plastic bag with more weight than it could hold;

2. The Defendant failed to warn the Plaintiff of the dangerous and unsafe bag and failed to warn the Plaintiff of the danger posed by said bag in allowing a dangerous and unsafe condition to exist on the premises;

3. The Defendant failed to exercise reasonable care to protect the Plaintiff by performing reasonable inspections or other affirmative acts from the danger of reasonable or foreseeable injury occurring from the reasonably foreseeable use of the bag owned and provided by Wal-Mart Stores East, LP, which was known or should have been known to the Defendant;

4. The Defendant failed to use reasonable care to provide a place of business which was free from dangerous conditions, and that the Defendant, by breach of those duties, thereby exposed Plaintiff to an unreasonable risk;

5. Other aspects to be shown at trial.

X.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendant, as previously set forth, the Plaintiff sustained injuries which were proximately caused by the aforesaid acts of negligence of the Defendant. In particular, Plaintiff, Fredna Stewart, has sustained the following:

a. severe and permanent injuries to her lower extremities, including her right foot for which Plaintiff has undergone treatment on;

b. Physical pain, nervous shock and mental anguish in that she now and in the future and has since the date of the accident suffered excruciating pain in her lower extremities and right foot;

c. As a result of said severe personal injuries, it was necessary for Plaintiff to make and she did make and incur certain expenditures and obligations for medical and hospital care and attention;

d. Plaintiff is informed and believes, and on such information and belief alleges, that it will be necessary for her in the future to expend further sums for medical care and attention; the exact amount of all such expenses and obligations so incurred and to be incurred by Plaintiff cannot be presently ascertain;

e. Such severe personal injuries have caused Plaintiff to suffer a decline in health, being unable to get her natural sleep and rest since sustaining said injuries;

f. Loss of enjoyment of life;

g. Plaintiff has and in the future will spend sums of money for hospital bills, medical

5

expenses, doctor's care, therapy and treatment, medication and drugs;

      h.    Such severe personal injuries have caused and will in the future cause Plaintiff to suffer physical pain and mental anguish, to be permanently disabled and weakened;

      i.    Further, that as a result of this accident, Plaintiff has incurred many out of pocket expenses which she otherwise would not have incurred; and

      j.    Past lost wages.

Plaintiff would show that all of the above was a direct and proximate result of the negligent acts of the Defendant.

## XI.

Plaintiff would also allege the doctrine of *res ipsa loquitur* is applicable to the facts herein.

## XII

### (PUNITIVE DAMAGES).

Because of the gross negligence of the Defendant herein which among other things constitutes an independent tort, Plaintiff is entitled to recover punitive or exemplary damages against said Defendant to deter them from such oppressive and reckless conduct in the future, in an amount which would not exceed the jurisdictional requirements of this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby sue and demand judgment of and from the Defendant in an amount which would not exceed the jurisdictional limits of this Honorable Court, together with pre- and post-judgment interest and costs, and punitive damages.

RESPECTFULLY SUBMITTED, this the 17th day of October, 2011.

By:  FREDNA STEWART, Plaintiff

JAMES K. WETZEL

JAMES K. WETZEL & ASSOCIATES
James K. Wetzel (MS Bar No. 7122)
Garner J. Wetzel (MS Bar No. 103596)
Post Office Box I
Gulfport, MS 39502
(228) 864-6400 (ofc)
(228) 863-1793 (fax)
ATTORNEY FOR PLAINTIFF

FIRST-CLASS MAIL
$05.79
ZIP 39501
011D10606992

Hasler
10/27/2011
US POSTAGE



CERTIFIED MAIL

7009 1410 0000 7085 8174

JAMES K. WETZEL & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
POST OFFICE BOX 1
GULFPORT, MISSISSIPPI 39502

C T Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232